ARTHUR WRIGHT v. THE STATE.

*No. 818. Decided February 19th, 1896.*

1. Theft—Indictment—Ownership—Property of Minor—Practice.

In an indictment for theft of property belonging to a minor, who lives with the parent, it is proper to allege the ownership in the parent, though it would be a better and safer practice in such cases to present two counts, charging in one, ownership in the parent, and in the other, the ownership in the child.

2. Same—Purchase—Recent Possession and Reasonable Explanation—Charge.

On a trial for theft, where the proof showed, that when defendant was arrested, he stated that he had purchased the property; and a requested instruction was asked upon recent possession and reasonable explanation, which was not given. Held: That the court erred in not submitting the question of purchase in an affirmative manner, or in not giving it in the shape of an explanation in connection with the possession.

APPEAL from the District Court of Bexar. Tried below before Hon. ROBT. B. GREEN.

This appeal is from a conviction for theft of jewelry of over the value of $50, the punishment assessed being two years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant was tried under an indictment charging him with theft of personal property over the value of $50, was convicted, and his punishment assessed at confinement in the State penitentiary for a term of two years; and from the judgment and sentence of the lower court he prosecutes this appeal. The appellant took a number of exceptions to the charge of the court, but we will only consider those which are deemed material. The court gave, in charge to the jury, as to the ownership and possession of alleged stolen jewelry, a charge only as to the ownership and possession in Mrs. L. G. Hamilton. Appellant insists that the proof showed that May Hamilton was in actual possession of said property, and that, at least, a charge should have been given submitting to the jury this phase of the case. The record discloses that the property in question, being jewelry, was taken from the residence of Mrs. L. G. Hamilton, and that May Hamilton was her daughter,

a minor 17 years of age; that it was kept in a box, in the wardrobe of said Mrs. Hamilton; that the box was May's, and she kept the key to it, and took care of the jewelry. May had access to the jewelry at all times, and the diamond cluster ring, which was the only property recovered, Mrs. Hamilton had given to her daughter, May. The wardrobe in which the jewelry box was kept was in the control of Mrs. Hamilton, who kept the key to it. Under the authorities in this State, as we understand them, ordinarily, a minor, living with its parent, could not be considered as having exclusive care, management and control of property, such as jewels given to him by the parent, but is merely the custodian; and in such case it is only necessary to charge the ownership in the parent. See Bailey v. State, 18 Tex. Crim. App., 426; Frazier v. State, Id., 435; Clark v. State, 23 Tex. Crim. App., 612. On this subject, Mr. Bishop says: "The clothing of a minor child may generally, and it is believed always, be laid as a minor's; since, if apparel be put upon a boy, this is a gift in the law, for the boy had the capacity to take it. Still, in most circumstances, it may equally well be charged to be the father's, though the other is the common and safer way; and in some cases it is ill to lay the ownership in the father, as where the son is an apprentice to him, and he furnishes it under the indenture." See 2 Bish. Crim. Proc., § 721. In our opinion, in a case like the present one, it would be better, and the safer practice, to present an indictment in two counts, charging in one the ownership in the parent, and in the other the ownership in the child. The appellant also excepts to the failure of the court to charge on the explanation made by appellant at the time he was found in possession of the diamond cluster ring (the only property recovered in the case). The proof shows that, when appellant was found in possession of the said ring, he stated that he had bought it from a Mexican, and paid him 15 cents for it. Though a special exception was urged to the failure of the court to charge on this phase of the case, no charge was given. The court should have either presented this purchase in the affirmative, or given it in the shape of an explanation in connection with the possession. See Shultz v. State, 22 Tex. Crim. App., 16; Guest v. State, 24 Tex. Crim. App., 530; Curlin v. State, 23 Tex. Crim. App., 681. For a proper charge on the subject of explanation made by a party found in possession of recently stolen property, see Wheeler v. State, 34 Tex. Crim. Rep., 350. The charge of the court on circumstantial evidence, we think, was sufficient, and the court did not err in admitting the testimony regarding said ring; the ring itself, as shown in the explanation of the court, being subsequently brought before the jury, and an opportunity afforded to examine the witnesses concerning the same. For the errors pointed out, the cause is reversed and remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.