CLIFFORD MORGAN v. THE STATE.

No. 8164.   Decided April 30, 1924.

Rehearing denied May 28, 1924.

**1.—Theft—Felony—Automobile—Variance—Owner.**

Where appellant was charged with theft of an automobile belonging to J. T. Haney, and the proof showed that Mr. Haney lived in Abilene and his minor son who lived with him had driven his father's car on the night in question down to a picture show from which place it was taken that night, there was no variance between the allegation and proof. Following: Wright v. State, 35 Texas Crim. Rep., 470, and other cases.

**2.—Same—Requested Charge—Bill of Exceptions.**

A requested charge asked by the accused and refused will not be considered by this court, unless there appear some notation upon same of the fact that its refusal is excepted to, or else there be a separate bill of exceptions complaining of the refusal of such charge.

**3.—Same—Severance—Practice in Trial Court.**

Where defendant and another were jointly indicted for the same offense and each filed a request for severance, it became the duty of the trial court to direct the order in which the cases be tried, and the juvenility *vel non* of appellant's co-defendant would have no effect on the duty and power of the trial judge.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of property of the value of more than $50 the evidence being sufficient, there is no reversible error.

**5.—Same—Rehearing—Severance—Rule Stated.**

The statute so plainly directs that when both parties to a transaction, who may be indicted either separately or jointly, file application for severance it becomes the duty of the court to direct the order of trial that nothing more can be said on the subject.

Appeal from the District Court of Taylor.   Tried below before the Honorable W. R. Ely.

Appeal from a conviction of theft over value of $50.00; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.   On question of special charge; Wright v. State, 235 S. W. Rep., 886; Moore v. State, 237 id., 931; Elliott v. State, 255 id., 183; Mince v. State, 252 id., 564.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—From conviction of theft of property of the value of more than fifty dollars, in the District Court of Taylor County, with punishment fixed at two years in the penitentiary, this appeal is taken.

Appellant was charged with theft of an automobile belonging to J. T. Haney. The proof showed that Mr. Haney lived in Abilene, and his minor son who lived with him had driven Mr. Haney's car on the night in question down to a picture show from which place the car was taken between 8 and 9:30 p. m. Upon the trial, after the evidence was closed, a motion setting up these facts and asserting a variance between the allegation and proof, was presented asking an instructed verdict of not guilty. We think it properly refused. The exact point involved has been decided against appellant. Jackson v. State, 79 S. W. Rep., 521; Wright v. State, 35 Texas Crim. Rep., 470. Frazier v. State, 18 Texas Crim. App., 434, is cited by appellant on this point. In the opinion in that case, as illustrating the view of this court, Judge White says:

"Suppose A loans his horse to his son or servant to ride, or he sends them on the horse on his business temporarily to town or church, and the horse is taken. In such case the possession is in A. and it is unnecessary to allege that the horse was taken from the son or servant, because their control and possession was simply subordinate to the superior possession of A."

We know of no case holding contrary to this. Such being the law, the motion was properly refused as was the request of appellant that the issue be specially submitted to the jury. In this connection and because the question is urged in appellant's brief, we observe that a special charge asked by the accused and refused will not be considered by this court unless there appear some notation upon same of the fact that its refusal is excepted to, or else there be a separate bill of exceptions complaining of the refusal of such charge. The mere asking of a special charge is not tantamount to an exception to its refusal. Exception to such refusal must in fact be taken and that fact made known to this court. The only two ways by which we can know it are by some notation made thereon by the trial judge or by a separate bill of exceptions presenting such fact. In the case before us we have considered the matter as being sufficiently presented in bill of exceptions No. 1, but have made the above observation in view of appellant's position that the contrary is the rule.

The only other bill of exceptions in the record complains of the refusal of a severance asked by appellant. From the record we learn that he and one Adkins were jointly indicted for this theft and that each filed a request for severance. This being true, under the terms of Article 727 C. C. P. it became the duty of the trial court to direct the order in which the cases be tried. The juvenility vel non of

appellant's co-defendant would have no effect on the duty and power of the trial judge. Nor are we able to see how it could affect the soundness of his action in directing that appellant be first tried.

We regret our inability to agree with appellant's contention that the evidence is insufficient. He and the boy mentioned were in possession of the alleged stolen car going east on a road from Abilene to Fort Worth at the time of their arrest near Weatherford on the day following the night of said theft. They were one hundred and thirty-two miles from Abilene, at which place the car had been taken the night before. No explanation of their possession is offered. Other testimony shows the two defendants together in Fort Worth a day or two before the disappearance of the car in Abilene and that they left Fort Worth together to go to Abilene.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

May 28, 1924.

LATTIMORE, JUDGE.—Appellant files a lengthy motion for rehearing. He does not seem to comprehend our former opinion. We did consider his bill of exceptions No. 1 taken to the refusal of his special charge, and so stated in our opinion. We do not need to discuss this matter further. No authorities are cited in support of appellant's only other contention, which is in regard to the refusal of his application for severance. The statute so plainly directs that when both parties to a transaction, who may be indicted either separately or jointly, file application for severance, it becomes the duty of the court to direct the order of trial, that we do not see what more could be said upon the subject.

The motion for rehearing will be overruled.

*Overruled.*