## S. S. BIRDWELL v. THE STATE.

No. 10801.    Delivered March 9, 1927.

Rehearing denied May 11, 1927.

1.—Theft, a Felony—Misconduct of Trial Judge—Communicating With Jury—No Error Shown.

Where, in their retirement, the jury called the trial judge to the door of the jury room, which was only a few feet from the judge's stand and from the defendant, and called his attention to an error in the charge relative to the minimum punishment for this offense, which he corrected, no error is shown.

**2.—Same—Evidence—Cross-Examination—No Error Shown.**

Where appellant complains of a question propounded to a character witness on cross-examination, and the bill of exception fails to set out the answer given, if any, no error is shown.

**3.—Same—Suspended Sentence—Evidence—Rule Stated.**

It is proper, where a plea for a suspended sentence is filed, to inquire concerning the reputation of the appellant up to the date of the trial, but improper for the state to inquire of character witnesses on cross-examination as to what they had heard relative to the offense for which the accused is on trial. See Goss v. State, 284 S. W. 578.

ON REHEARING.

**4.—Same—Communicating With Jury—By Trial Judge—Statute Construed.**

Arts. 667-671 and 676, C. C. P., 1925, have been held restrictive, to the extent of preventing the trial judge from entering the jury room while the jury is deliberating on the case, or to have a private communication with them. See Osborne v. State, 93 Tex. Crim. Rep. 54.

**5.—Same—Continued.**

Where the foreman of the jury in retirement called the attention of the trial judge to an error in the charge, and the judge, in the court room and in the presence of the appellant, corrected the error, we are unable to perceive that the conduct of the judge was violative of any of the statutes mentioned.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for theft, a felony, penalty two years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of theft of property over the value of $50.00—to-wit, an automobile—and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant entered a plea of guilty and filed application for a suspended sentence. There is no statement of facts in the record, and we find but two bills of exception.

In bill of exception No. 1 complaint is made to the action of the court in communicating with the jury after the charge had been delivered to them and while they were deliberating upon

their verdict. It is contended by the appellant that the court opened the door of the jury room, thrust his head inside, and had a conversation with the jury out of appellant's hearing and presence, the substance of the conversation being unknown to him. This bill is qualified by the court, without objection by the appellant, to the effect that he was called to the door of the jury room, which was but a few feet from the defendant and a few feet from the judge's stand, but that he stood outside the jury room and in the district court room, and that, while court was in session and in the presence of the defendant, the foreman of the jury called his attention to an error in the charge relative to the minimum punishment for this offense, which he corrected. This bill, as qualified, shows no error.

Bill of exception No. 2 complains of the conduct of the District Attorney while cross-examining one of appellant's character witnesses, the complaint being made to the questions propounded to said witness. However, the bill fails to set out the answers, if any, given by the witness. This bill is also qualified by the court to the effect that the jury were instructed not to consider anything about the conduct of the defendant unless he had been indicted for an offense involving moral turpitude. The objectionable questions complained of by appellant were relative to other thefts committed by the appellant, and the District Attorney was asking the witness if he had heard of same, including the one for which appellant was on trial. It is proper, when plea for suspended sentence is filed, to inquire concerning the reputation of the appellant up to the date of the trial, but improper for the state to inquire of character witnesses, on cross-examination, as to what they have heard relative to the offense for which the accused is on trial. Goss v. State, 284 S. W. 578. However, this bill, as presented and qualified, does not, in our opinion, show reversible error, and especially in the absence of a statement of facts.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The correctness of the conclusion of this court touching bill of exceptions No. 1 is challenged

upon the ground that it violates the statutory provisions restricting the communication between the trial judge and the jury. Reference is made to Arts. 667, 671 and 676, C. C. P., 1925. These statutes have been held restrictive to the extent of preventing the trial judge from entering the jury room while the jury is deliberating upon the case or to have private communication with them. See Osborne v. State, 93 Tex. Crim. Rep. 54. The bill of exceptions was not approved as written but was qualified in the following language:

"I was called to the door of the jury room, a few feet from the defendant, possibly 20 feet, and a few feet from the judge's stand (the jury room being just to the right of the judge's seat), but stood outside. I had inadvertently fixed the minimum penalty at one year, and the foreman called my attention to the matter, which error was corrected. This was not done in the jury room, but in the district court room, at the door, while defendant was present and court in session."

This qualification was not challenged at the time by any exception, and must govern this court in estimating the bill. Under the law, the minimum penalty for the offense charged was confinement in the penitentiary for a period of two years. According to the qualification, the foreman of the jury called this to the attention of the judge, and the judge, in the court room and in the presence of the appellant, corrected the error in the charge. If the correction had been made verbally, if the judge had entered the jury room and conversed with the jurors, or if the correction had been made in the absence of the appellant, a different case would be presented. Confined, as this court is, to the bill as qualified, we are unable to perceive that the conduct of the judge was violative of any of the statutes mentioned.

The motion for rehearing is overruled.          *Overruled.*