## GUY MULLINS V. THE STATE.

No. 15476. Delivered December 14, 1932.
Rehearing Denied June 23, 1933.
Reported in 61 S. W. (2d) 829.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy,* of Memphis, and *T. H. McGregor,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

We cannot agree to the contention that the evidence is not sufficient. By two witnesses the state showed the movements of two men, one of whom looked like appellant, whose dress was described as a sheep lined coat, having on military boots and boot pants, being bareheaded. The car alleged to have been stolen was parked in a driveway some few feet away from a street toward which the driveway sloped. Near midnight on the date alleged the two men referred to appeared first on foot, and then in a car, passing and repassing the place where the parked car stood. Once they went to said car, but left apparently because of the disturbance raised by the dog of the owner of said car. These men were first observed by a young man sitting in the home of said owner who, after watching them for a while, woke said owner, Mr. Jay, and the two then watched further. They finally saw two men going south on foot, and then in a moment or two a car without lights came north passing the parked car, went on to the corner of the block, turned and came back. Appellant got out of this car, which then passed on, and he went to Jay's car, got in under the steering wheel, was seen to reach down and release something,—the witnesses not being quite sure whether it was the clutch or the emergency brake—and the car started toward the street, when Jay, pistol in hand, ran out, opened the door of the car, and made appellant get out. The fact that after getting out appellant said that he got in the car to sleep off a drunk and did not intend to take it, could go no further than to raise an affirmative defensive issue, the settlement of which was for the jury.

Bills of exception 1 and 2 complain of the admission of the testimony of Mr. Jay and Mr. Burnett as to what was seen by the two of them shortly before the actual entry into the car of Mr. Jay by the appellant. We have carefully examined each bill and are of opinion that the contentions in same are unsound.

Young Burnett was sitting up near midnight having his radio turned quite low and no lights in the house when he observed the suspicious conduct of the two men referred to. He watched them pass and repass, and finally saw them go to the parked car, heard the disturbance raised by the dog, saw the men leave, and then notified Mr. Jay. Under the facts in this record, regardless of whether the two witnesses could positively identify appellant as one of the men who was passing and repassing said parked car, the testimony would be admissible to go before the jury in the development of the case, its weight being for them.

We do not think the argument complained of in bill of exception 3 of such nature as to call for a reversal. The court instructed the jury not to consider same. It consisted of a general statement by the prosecuting attorney, in effect, that car thieves were getting numerous, etc.

Bill of exception No. 4 complains of misconduct of the jury in that they discussed the failure of appellant to testify. Article 753, C. C. P., sets out nine grounds upon which a new trial shall be granted in felony cases, and specifically enacts that such new trial shall be granted *for no other* ground. The only one of these under which a new trial in the instant case is sought is the eighth, which provides for the granting of a new trial, "Where, from the misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial." Article 710, C. C. P., gives to the accused the right to testify in his own behalf, and states as follows: "The failure of any defendant to so testify shall not be taken as a circumstance against him." It is averred in appellant's motion for new trial in this case that the jurors in retirement discussed his failure to take the witness stand and testify, to his great prejudice. No affidavits were attached to said motion, and when same was presented the court heard the testimony of five jurors, two for the state and three for the defense.

Springer, foreman of the jury, testifying for the state, said that the failure of the accused to testify was mentioned one time in the jury room, and that he told the juror so stating that this was not to be considered, read to him the charge, and that this was the only time the subject was mentioned in the jury room. Hightower, for the state, testified that something was said about the defendant not testifying in the case, and somebody remarked that this was not supposed to be discussed. He heard no other mention of the matter. As he remembered it the remark made was: "I wonder why the defendant did not go on the stand himself."

Ramsey, for the appellant, testified that he heard the appellant's failure to testify mentioned twice in the jury room. He said he did not know who brought the matter up or just what was said, but the effect of it was that if appellant was not guilty it looked like he ought to have taken the witness stand. Asked on cross-examination as to who brought up the discussion of appellant's failure to testify, he said he thought it was Mr. Springer or Mr. Hightower, referring to the two jurors who were introduced by the state and whose testimony appears above. Blake, for the appellant, testified that two or three times in the jury room it was discussed or mentioned that appellant did not take the witness stand. Some one would say it looked like appellant would have gone on the stand if he was not guilty, and some one else would say: "Throw that out, that is not to be considered." He further said it would not be discussed long at a time. He did not remember who brought the matter up or mentioned it. Lindsay, for the appellant, swore that he heard the failure of appellant to take the stand and testify mentioned in the jury room one time. He stated that some one said he wondered why appellant did not take the witness stand. He did not hear the matter mentioned any other time. When the remark referred to was made some other juryman spoke up immediately and said they could not consider that. It is a somewhat singular thing that all five of these jurors agree that at once upon retirement all twelve of the jurors voted unanimously that appellant was guilty, and that the references, if any, to his failure to testify were made when the penalty was under discussion; it being said that three of the jurors at that time expressed doubt as to appellant's guilt, at least they thought the penalty was too severe. The penalty given, as above stated, was the minimum allowed by law for the offense.

In the light of the record we are of opinion that the action of the trial court in overruling appellant's motion for new trial must be upheld. It has long been the rule in this state that a mere reference to the failure of the accused to testify, especially when discussion of the matter is prevented, and the record does not disclose that such failure was taken as a circumstance against him, will not constitute such misconduct of the jury as to call for reversal. It is also well settled that when such conduct is made an issue before the trial court, his determination of same will be upheld by us except there appear an abuse of his discretion. In such case the jurors are before the trial court, who is in a great deal better position than we are to pass on their testimony in case of conflict. We have here three jurors,

two for the state and one for the defense, who affirm the fact of only one mention of the failure of appellant to testify, and that of a casual nature, and that such mention was promptly rebuked. We have, on the other hand, two jurors affirming that such failure was mentioned two or three times, one of these declaring that at each mention of the matter some one would object to the consideration of same. We are of opinion that the record discloses no abuse of the discretion of the trial court in this regard. See Watson v. State, 82 Texas Crim. Rep., 305, in which Judge Morrow said: "The cases in which reversals have been ordered on this ground have been those in which the discussion or comment upon the prisoner's failure to testify, and its use as a circumstance against him has been uncontroverted, as in Tate v. State, 38 Texas Crim. Rep., 261, and other cases listed in Branch's Ann. P. C., p. 292, sec. 569. * * * When the allegations in the motion for new trial, charging that the jury misused the accused's failure to testify to his prejudice are controverted, and on investigation and conflicting evidence determined against him, the finding of the court is given the weight attaching to any other question of fact submitted for judicial determination," citing Shaw v. State, 32 Texas Crim. Rep., 155; Adams v. State, 48 Texas Crim. Rep., 452; Sheffield v. State, 48 Texas Crim. Rep., 481; Douglas v. State, 58 Texas Crim. Rep., 122; Blount v. State, 58 Texas Crim. Rep., 509. This case and the principle announced is cited with approval in Todd v. State, 93 Texas Crim. Rep., 559; also Dyer v. State, 96 Texas Crim. Rep., 304; Rosamond v. State, 97 Texas Crim. Rep., 642; Lamb v. State, 98 Texas Crim. Rep., 361, and Cortinas v. State, 106 Texas Crim. Rep., 618.

Appellant excepted to the failure of the charge to instruct the jury that if when found in possession of the automobile in question, he made an explanation thereof which was reasonable and probably true and accounted for his possession in a manner consistent with his innocence, they should acquit him. We do not think the cases cited in appellant's brief, or any others known to us, uphold the application of such a rule of law to facts such as are before us. The trial court in his charge gave to the jury an affirmative presentation of the defensive theory supported by the testimony of the appellant, and told the jury that if they believed appellant got into the car for the purpose of going to sleep therein, and that he did not intend to take it, or if they had a reasonable doubt thereof, they should acquit him. In section 2465, p. 1334, of Mr. Branch's Ann. P. C., he discusses the propriety of giving the charge which appellant thinks

should have been given in this case, and says: "An explanation is of no consequence to either side unless it involves some defense; hence an affirmative charge on the defense involved in the explanation is all that is required and is the safest and fairest way of submitting the issue to the jury." Mr. Branch cites many cases in support of the text, among them Mathews v. State, 32 Texas Crim. Rep., 355; Wheeler v. State, 34 Texas Crim. Rep., 350; Wright v. State, 35 Texas Crim. Rep., 470. The case at bar was in no sense one of circumstantial evidence in which the state depended for conviction upon the fact of possession, in which character of case the defendant is entitled to have the jury instructed upon the law of any reasonable explanation he might make at the time his possession is first challenged. In this case the appellant was seen to enter the car and release either the clutch or the emergency brake, following which the car started back toward the street. We see no ground for complaint at the manner in which the law of the case was presented on this issue.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we reached a wrong conclusion regarding his complaint that the jury took as a circumstance against him his failure to testify. We have again examined the evidence heard upon the issue. It appears from some of the witnesses that all the jury at first agreed upon the question of appellant's guilt, but that later some of them—perhaps three—expressed doubt about it. At any rate, the mention of appellant's failure to testify came up during the consideration of the case. The facts demonstrate the wisdom of resting a finding thereon within the discretion of the trial court unless it is shown from the record that his discretion has been abused. The evidence is in conflict as to whether the matter of appellant not testifying was mentioned more than once, whether it was a casual allusion, and was then promptly suppressed. We must rest our decision on the point that no abuse of the trial judge's discretion is shown in determining the issue upon conflicting testimony in favor of the state.

We think there is no merit in appellant's contention that there was no such possession or asportation of the car as would be necessary to show the completed offense of theft.

The motion for rehearing is overruled.

*Overruled.*