DEWEY CATES (ALIAS MILLER) v. THE STATE.

No. 18882.   Delivered April 28, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Hill D. Hudson,* of Pecos, and *W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

We deem the evidence sufficient to support the finding of the jury, and see no need for setting same out at length. J. C. Wilson drew out of a bank $1500.00 and took it to a room where appellant and one Davis were. The money was to be used in consummating a deal or supposed deal between the parties. While the parties were in the room this appellant picked up the money referred to and put it in his pocket and walked out. Wilson remonstrated and demanded that the money be turned over to him. Apparently appellant and his confederate Davis claimed that the deal was to be consummated when they reached their car. They went downstairs, Wilson following them. When appellant and Davis got to their car they got in. Wilson told them if they did not give him back his money he would call the sheriff. They drove hurriedly away, and were arrested later that night in an adjoining county. On the trial of this case neither appellant nor Davis testified, nor offered any evidence to combat the testimony of Wilson in regard to the facts above stated.

Appellant's legal contention appears to be that the theft, if any, should be prosecuted as theft by bailee, and that the facts do not make out a case of ordinary theft. We do not agree with this contention, and think the facts sufficient to show that the money in question was taken from Wilson without his consent and with the intent on the part of appellant to appropriate it to the use and benefit of himself and Davis.

We have examined appellant's exceptions to the court's charge but are unable to believe any of them are meritorious. We see nothing in the fact that the court submitted the case

on the theory that appellant and Davis were principal offenders in the commission of whatever crime, if any, was committed.

The court told the jury as follows:

"In this case the defendant, Dewey Cates, alias Miller, has not taken the stand to testify. You will not consider, refer or allude to such fact for any purpose whatsoever."

We see no meritorious ground of objection to this charge. Appellant's complaint of it seems to be that it did not tell the jury that his failure to testify could not be taken as a circumstance against him. There is nothing in this record justifying the conclusion that the failure of the accused to testify was taken as a circumstance against him.

Appellant has three bills of exceptions, the first of which complains of argument of State's counsel in closing the case, the statement being made by him as follows:

"Defendant's counsel has argued that J. C. Wilson lost his money in a card game, but I want to call your attention to the fact that no one has testified that any card game was played."

This was objected to as being a reference to the failure of the defendant to testify. The bill of exceptions is qualified at some length by the trial judge who certifies that in his judgment the State's attorney was merely asserting that the argument of defense counsel that Wilson lost his money in a card game was without any testimony to support it, as no such testimony had been given by any witness. We do not think the argument subject to the objection made. Wilson denied in his testimony that he had played at any game with cards, and clearly the argument of defense counsel was without testimony to support it, and the argument deemed objectionable was merely a statement of a fact applicable to the whole testimony, and in our opinion was not a reference to the failure of the defendant to testify.

Bill of exceptions No. 2 complains of a number of matters contained in the charge, each of which has been examined and none of which are deemed to be erroneous.

Bill of exceptions No. 3 brings forward appellant's complaint of the refusal of his motion for new trial based on alleged misconduct of the jury. It was claimed that the jurors discussed appellant's failure to testify. We do not think the ground of objection is sustained by the testimony of the jurors who appeared before the court upon the hearing of the motion for new trial and gave testimony. The sum of such testimony is that some one of the jurors in the jury room mentioned the fact that the defendant did not testify, but all of the jurors

testified that such fact was not discussed, and when it was mentioned the statement was at once made that this was a matter about which there should be no discussion, and should not be referred to, and attention was called to the charge of the court in this regard.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant insists the record discloses that the jury were guilty of misconduct in discussing his failure to testify. We have again examined the testimony adduced on the motion for new trial and are constrained to overrule his contention.

The first juror introduced by appellant on the hearing of the motion testified that appellant's failure to take the stand was not discussed among the jurors. However, he said that he heard the matter mentioned but that the juror making such mention was promptly reproved.

The second juror testified that there was no discussion of the matter. He said: "Something was mentioned about that the defendant didn't take the stand, and Mr. Lopoo immediately called his hand and told him he mustn't consider it; he said it wasn't to be considered, and that was all there was to it."

The next juror introduced by the appellant testified that he heard the matter mentioned once or twice but did not know exactly what was said. We quote in part from his testimony: "Yes, sir, somebody mentioned the fact that the defendant didn't testify, and he was immediately stopped, and he didn't go very far, and that is all there was to it."

Juror Oden, who was introduced by appellant, expressly stated that there was no general discussion of the matter and that it was mentioned one time. He also stated that the juror making such mention was immediately reproved.

Another juror testified that one or two jurors stated they would like to have seen appellant take the witness stand. He said: "I went right across and I says, 'That is one thing you can't talk about and you will have to cut it out.'" He testified further that after he admonished the jurors the matter was not referred to again.

Garrett, the foreman of the jury, testified that the matter was mentioned one time. He said: "Will say that someone men-

tioned it and there might have been three or four all talking at the same time and I asked them not to lose time on that, that we wasn't considering it."

Juror Isbell testified that he heard one mention of the fact that appellant did not testify. He did not say how many of the jurors mentioned such fact but did testify that somebody "told them not to discuss that."

The next juror placed on the stand by appellant declared that he heard no mention made of the matter.

The last two jurors introduced by the appellant heard the matter mentioned one time. They testified that the juror making mention of the same was promptly reproved.

As we view the record, it discloses that several of the jurors testified that there was only one mention made of the appellant's failure to testify, which was promptly reproved; while other jurors testified that two or three members of the jury mentioned such fact and were promptly rebuked. Under the circumstances, the trial judge was warranted in concluding that there was one mention of a casual nature which was promptly rebuked.

The case of Mullins v. State, 61 S. W. (2d) 829, we think, supports our conclusion that the trial judge did not abuse his discretion in overruling the motion for new trial. We quote from the opinion in that case as follows:

"It is also well settled that when such conduct is made an issue before the trial court, his determination of same will be upheld by us except there appear an abuse of his discretion. In such case the jurors are before the trial court, who is in a great deal better position than we are to pass on their testimony in case of conflict. We have here three jurors, two for the state and one for the defense, who affirm the fact of only one mention of the failure of appellant to testify, and that of a casual nature, and that such mention was promptly rebuked. We have, on the other hand, two jurors affirming that such failure was mentioned two or three times, one of these declaring that at each mention of the matter someone would object to the consideration of same. We are of opinion that the record discloses no abuse of the discretion of the trial court in this regard."

Appellant contends that the court was in error in submitting the case to the jury under Art. 1410, P. C., defining theft. We are unable to agree with this contention. The testimony of the injured party that his money was taken without his consent was uncontroverted. He said:

"When I laid my money on the table in hundred dollar bills, fifteen of them, he picked it up and I said, 'Give me my money,' and he started walking down the hall, and I never did give him my permission to take that money either to the bank or anywhere else and it was taken without my consent or permission."

The original opinion is deemed to have properly disposed of the remainder of appellant's complaints.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.