## TIMOTEO PEREZ V. THE STATE.

No. 21607.  Delivered April 30, 1941.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

GRAVES, Judge.

Appellant was found guilty of the possession of marihuana, and sentenced to serve two and one-half years in the penitentiary.

The testimony shows that the peace officers arrested appellant and found in his possession a can of marihuana. This was admitted by appellant, who claimed, however, that one Rodriguez had sent appellant to Rodriguez's house for a certain can underneath the doorstep, and requesting appellant to bring the same to Rodriguez at a place in Corpus Christi called

White's Club. That he, appellant, did not know what was in the can, but he did as Rodriguez requested. This defense was submitted to the jury and by them seems to have been disbelieved. That was their province.

Bill of Exceptions No. 1, in our judgment, reflects an error which will demand a reversal of this cause. The appellant testified in his own behalf. Prior to such time his attorney had informed the trial court, as well as the State's attorney, that appellant had in the year 1928 been convicted of the offense of burglary, and served a term in the penitentiary therefor. That at the time of such conviction appellant was between the ages of seventeen and eighteen years; that he had not since such time been charged nor convicted of any offense against the laws of this State. While on the witness stand the State's attorney asked him the following question, over appellant's objection, and he was required to answer the same: "In the course of your 28 years of life, you have been to the penitentiary once, haven't you?" and his answer was "Yes." The trial court limited this testimony to the matter of the credibility of the witness.

We think this matter should not have been gone into by the State. It was affirmatively shown that from the time of this early conviction approximately eleven years had elapsed, with no evidence of a lack of reformation, and we think this first conviction, under our holdings, was too remote. We have oftentimes said that, relative to the remoteness of convictions, no set rule can be laid down nor adhered to. Persuasive elements, however, such as the youth of the offender at the first offense, and a continuous refrain from further offenses for an extended period of time, should be given consideration by the trial court in ascertaining whether or no the purpose of the punitive statutes had culminated in a reformation of the offender.

Where one has led a life free from crime for a period of eleven years, after a conviction when but a boy of seventeen years, we think the presumption of reformation should apply; that his early indiscretion should not have been brought into this case to besmirch and doubtless destroy his testimony. See Vick v. State, 159 S. W. 50; Bullington v. State, 180 S. W. 679; Leach v. State, 180 S. W. 122; Anderson v. State, 21 S. W. (2d) 499.

We do not see on what theory the trial court charged the jury on the law of principals. Either appellant alone possessed this narcotic or he did not possess it. There was no denial of its

possession. Appellant claimed that the reason he had the same was because Rodriguez sent him after the can containing the drug, and he did not know what was in the can. We are not impressed that such a statement upon his part called for a charge on the law of principals. 24 Tex. Jur., p. 573, Sec. 90, says:

"When evidence shows that the accused on trial was a principl in the commission of the offense, no charge on principals would be necessary, although the proof may also disclose that in doing the criminal act, another took an equal part," citing many cases.

We also sustain bill No. 4 relative to a statement by the State's attorney in his speech before the jury wherein he enlarged upon the baleful effects of the drug marihuana. There was no testimony relative thereto in evidence, and such remarks should not have been indulged in.

For the errors discussed this judgment is reversed and the cause remanded.