# FEBRUARY 2, 1944

### ED BROWN V. THE STATE.

No. 22640. Delivered December 1, 1943.
Rehearing Denied February 2, 1944.

The opinion states the case.

*Frank Sparks,* of Eastland, for appellant.

*Sam Cleveland,* District Attorney, of Stephenville, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of three years.

Appellant's chief complaint is that the evidence is insufficient to justify and sustain his conviction. A careful review of the record leads us to an adverse conclusion. The record shows that on the night of January 9, 1943, appellant and Herbert Whitlock, accompanied by a young lady, went in an automobile from the town of Ranger to Mingus in Palo Pinto County; that both of the men had been drinking intoxicating liquor; that when they arrived at Mingus they went to two or three beer taverns and drank more beer; that when they were in the act of going home they passed two soldiers who were walking towards Slim's tavern, that about the time they passed them appellant remarked: "Let's get out and whip the s--s of b---s." One of them hollered at the soldiers, who heard the hollering and started back to where the appellant and his companion were in order to ascertain what they wanted, but before the soldiers arrived at the automobile the appellant and Whitlock had gotten out of the car and went to meet them. When they got to within striking distance the appellant struck at the smaller of the two soldiers, whereupon John Boland (the larger of the two) knocked appellant down. At this juncture, Whitlock ran into Boland, who soon fell to the ground and said that he had

been cut. He died a few minutes later from the injury which he had received in the combat.

Appellant and Whitlock, together with their girl companion, then left the scene of the battle, went to Ranger and from there to Eastland. On their way back to Ranger, Whitlock, in the presence of the appellant, instructed the young lady that if anyone should inquire of her where they had been to say that she did not know either him or the appellant; that she and two girls were at Ranger, which she agreed to do but did not do so; that late in the afternoon of the following day she met Whitlock, who informed her that a soldier had died at Mingus and instructed her not to say anything further than that she was drunk and did not know what happened; that if she did say anything about it, it would mean the penitentiary or the electric chair.

Dr. Spratt, who attended the deceased and made an examination of the wounds on the body, testified that he found two wounds: one a stab wound in the abdomen which went to the hollow and one in the groin which severed the iliac vein and an artery; that in his opinion the wounds were made with different instruments because the wound in the groin appeared to have been made with a double-edged sharp instrument while the wound in the abdomen appeared to have been made with a single-edged instrument; that the deceased died as a result of the wounds.

Appellant testified in his own behalf and denied that he made the remark attributed to him by the lady companion as they passed the soldiers. He stated that Whitlock made the remark: "Let's get out and whip the s--s of b---s." However, he got out of the automobile about the same time that Whitlock did, as he did not want to see Whitlock out there alone with the soldiers; that they all "went together"; that he did not know who hit him; that he was so full of intoxicating liquor that he did not know what was going on; that he did not cut the deceased; that the soldiers were strangers to them; that so far as he knew, he had never seen them before; that he did not have a knife nor did he know whether Whitlock had one; that he suggested to Whitlock that they go home and not have any trouble.

The foregoing is a summary of the salient facts proven on the trial. It was the State's theory, which finds support in the evidence, that appellant and Whitlock, in pursuance of a com-

mon design and common intent, undertook to whip the soldiers. It appears from the doctor's testimony that two different instruments were used in the infliction of the wounds upon the deceased from which it can reasonably be inferred that appellant, as well as Whitlock, inflicted the wounds. If so, they were both guilty of murder. On the other hand, even though appellant did not inflict any of the wounds upon the deceased but if he knew the unlawful intent of Whitlock to cut either or both of the soldiers and by words or acts encouraged Whitlock in the commission of the offense, he would come within the category of a principal and be responsible for the result of the acts of Whitlock. Again, if appellant agreed to the commission of the offense and was present when it was committed, he would be a principal, whether he aided or not in the illegal act. See Articles 65, 66 and 69, P. C. If, however, appellant and Whitlock intended only to whip the soldiers and Whitlock, on an independent impulse, stabbed the deceased which resulted in his death, then, of course, appellant would not be a principal and could not be convicted as such. However, the court fully and clearly instructed the jury on this very issue, as well as on every other theory presented by the evidence, and the jury's finding under the court's instruction will not be disturbed by this court. We think that the conclusion which we have reached in this case is supported by the following cases: Davis v. State, 180 S. W. 1085, 78 Tex. Cr. R. 352; Hemphill v. State, 110 S. W. (2d) 64, and cases there cited.

Appellant next contends that the court erred in charging the jury relative to the law of murder with malice. He claims that there was not any evidence showing malice on the part of the appellant or Whitlock. We do not agree with him. The testimony shows that appellant and Whitlock were in a frame of mind fatally bent on mischief; that they had some ill feeling towards soldiers, the cause of which is not disclosed by the record; but regardless of whether any cause for ill will was shown, the fact remains that the evidence discloses that they referred to the soldiers as "s--s of b--s" and a desire on their part to give them a whipping which, of itself, shows ill will, hatred and malice. Consequently, the court's instruction on murder with malice was eminently correct. It appears from the record that appellant was represented by able counsel who protected him during the trial in every right to which he was legally entitled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

606

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant urges that we erred in holding the facts sufficient to authorize his conviction.

We have again examined the facts and remain convinced of the correctness of the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.