### LORENZO MONTOYA v. THE STATE.

No. 23601. Delivered February 5, 1947.

*Andress, Lipscomb & Peticolas,* all of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Gil L. Newsom,* Assistant District Attorney, both of El Paso, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to rape is the offense; the punishment, two years in the penitentiary.

Shortly after midnight, prosecutrix, a nineteen-year-old girl, was standing on a street corner waiting to take a bus to her home. Appellant, with whom she was acquainted, after getting out of an automobile in which he had been riding with others, approached and asked, "What are you doing here?" She replied that she was waiting for a bus to go home. Appellant made no further statement, rejoined the others in the car, and drove away. The automobile made what prosecutrix describes as "rounds around there twice" and returned to where she was standing. One Jurado got out of the car and came over to where she was standing and said, "Do you want me to go along with you?"—to which she replied, "No." Jurado then said, "Look here, if you don't go along with me, that bunch of boys is going to try and form a line with you." She queried, "What kind of a line?" and further testified, "I told him that I wasn't afraid of them and I told him that it was going to go bad with them if they tried to do anything to me, and then he said a bad word." About that time the bus arrived, and prosecutrix got aboard, followed by Jurado. Before the bus started, Jurado left the bus and, as he did so, again cursed and abused prosecutrix. Prosecutrix rode the bus to the point of her destination. After she had alighted and gone some distance, Jurado and some four others attacked her, dragged her off the highway, and were attempting to rape her when Bowen, who lived in the neighborhood and had been aroused by her screams, appeared with a gun and ordered them to turn her loose—which they did, fleeing in the automobile.

Appellant was not one of the attackers. He took no active part therein. While the attack was going on, he was standing "over there close to the car" and as Bowen approached with the gun, ordering the attackers to stop, he was heard to say, "Turn that girl loose there is a man coming with a gun."

The foregoing facts are shown by the testimony of the prosecutrix.

Appellant denied that he made the statement just above attributed to him; that he took any part in the assault, or agreed to its commission, or knew of the unlawful intent of Jurado and the others.

The sufficiency of the evidence to support the conviction is challenged.

The case was submitted to the jury under the law of principals, upon the theory that appellant was present and, knowing the unlawful intent of those engaged in the assault upon the prosecutrix, "aided them by keeping watch to prevent the interruption of those actually engaged in the commission of the offense"—under Art. 66, P. C.

An instruction upon circumstantial evidence was given.

It is appellant's position that the mere presence of one at the commission of an offense by others will not render such person a principal, in the absence of a prior agreement to the commission of the offense. Such is a correct rule of law under Art. 69, P. C., and if the facts here presented brought this case within that rule, we would be inclined to agree with appellant's contention.

But here, the State relies not upon the fact of a prior agreement to establish appellant a principal to the assault, but upon the fact that appellant was present and, knowing the unlawful intent of those actually engaged in the assault, aided them by keeping watch so as to prevent the interruption of those engaged in the assault, as provided by Art. 66, P. C.

Viewing the State's testimony as a whole, together with the statement of appellant attributed to him by the prosecutrix— while the assault was in progress—to "turn that girl loose there is a man coming with a gun," we are constrained to hold the facts sufficient to warrant the jury's conclusion of guilt, under Art. 66, P. C. and as submitted by the trial court. See Brown v. State, 177 S. W. (2d) 64.

Such conclusion also disposes of appellant's contention that he was entitled to have the jury instructed, in accordance with his request, that, in order to convict, the jury were required to find the existence of a prior agreement on his part to the commission of the assault. As submitted to the jury, the State's case was not dependent upon such a prior agreement on appellant's part. The trial court did not, therefore, err in refusing appellant's requested charge.

Appellant objected to the introduction of the testimony of

the prosecutrix as to the statement, acts, and conduct of Jurado when he accosted her while waiting for the bus, because same was without his presence and hearing.

Acts and declarations of co-cospirators done or made during the pendency of the conspiracy are admissible against another conspirator, whether he was present or not. Branch's P. C., Sec. 693. A conspiracy, within the meaning of the rule stated, may be shown by circumstantial evidence. O'Neal v. State, 109 Tex. Cr. R. 486, 5 S. W. (2d) 521.

Construing all the facts and circumstances, we are of the opinion that the trial court was justified in holding that such a conspiracy was shown as authorized the introduction of the testimony.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.