### AUGUST LOSHE V. STATE

No. 27,036. June 26, 1954
Rehearing Denied November 3, 1954
Second Motion for Rehearing Denied
(Without Written Opinion) December 1, 1954

562

*William E. Davenport,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, two years in jail and a fine of $1,000.00. The appellant was tried under an indictment charging assault with intent to murder. The lesser included offense of aggravated assault alone was submitted to the jury.

The witness Taylor, manager of a tourist court in the city of San Angelo, testified that on February 4, 1952, two women rented a cabin from him and registered under the name of "Fields"; that later that evening his attention was attracted by loud noises coming from the cabin; that when he went to investigate he found Jean Fields on the ground, where he concluded that the appellant had knocked her; that he notified the parties to leave, and when they failed to do so he called the police.

The witness testified that when the police arrived he went with them to the cabin and there observed Paula Fields, a five-year-old girl who had sustained obvious injuries to her eyes and face.

Officer Gunn testified that he went to the tourist court and, in company with Taylor, went to the cabin, where he found appellant, Jean Fields, and the injured child; that appellant

had been drinking, and he placed him under arrest, and the child was taken to the hospital.

Retha Willis testified that she became acquainted with the apellant and Jean Fields, the mother of the injured child, who was working for the appellant in the junk business, some short while before February 4, 1952, and had lived with Jean Fields for two or three weeks before said date. She testified that on one occasion during the time she was living with Jean a group consisting of appellant, Jean Fields, one Buster, another man and herself were sitting around in a tourist court drinking; that appellant handed Paula Fields (the injured child) a knife and told her to go over and stick it in Buster and that when the child failed to do as she was commanded he hit her with his fist, took a broken bed slat from under the bed and spanked the child with it until blood ran from her. She stated that the appellant hit and slapped the child many times with his fist for a considerable period of time.

Dr. Kunath testified that he examined the child Paula Fields at about midnight on February 4, 1952, and we quote from his description of her condition as follows:

"The child presented multiple bruises over the body, the most striking of these were on the face; her face was greatly swollen; the eyes were swollen, almost completely shut, had that black and blue appearance characteristic of a bruise; there was a rather large bruised area over the back of the scalp, and bruises over the trunk and both extremeties."

He stated that the child remained in the hospital until February 6.

He testified, on cross-examination, that the child was not in a serious condition.

Miss Frances Lewis, a welfare worker who saw her in the hospital, also described the injuries to the child.

Appellant, testifying in his own behalf, denied any acts of violence to the child and explained the injuries by saying that the child had fallen out of a moving pickup truck a few days before the day of his arrest.

He offered other witnesses who testified as to appellant's reputation as being kind and considerate to children.

The jury resolved the issue of the cause of the child's injuries against the appellant, and we find the evidence sufficient to support the conviction.

We shall now discuss the contentions raised by appellant's able attorney in his brief and argument.

He first contends that the trial court erred in allowing Honorable Norman Barr of the San Angelo bar to participate in the trial as a special prosecutor. This court has recently held against appellant's contention in Phillips v. State, 159 Texas Cr. Rep. 286, 263 S.W. 2d 159.

He next asserts that the trial court erred in refusing to dismiss the case against appellant's co-defendant Jean Fields so that she might testify in his behalf. He cites no authority supporting his position, and we know of none.

Appellant asserts that the trial court erred in not declaring a mistrial when the witness Taylor testified concerning an extraneous offense committed by the appellant. When the witness Taylor was recounting what had first attracted his attention to the cabin he was asked this question by the prosecutor: "Did I understand you to say Mr. Loshe and Jean Fields were having trouble?" No objection was leveled at the question. The witness answered "Yes, sir, she was down on the ground at the time I walked up. He had just knocked her down on the ground."

It is clear that this was a conclusion of the witness and was not admissible as such. The appellant, however, objected on the grounds that it constituted proof of an extraneous offense. The court sustained the objection and instructed the jury not to consider the answer. We think that clearly this is not such an answer as would call for a mistrial.

And, lastly, appellant contends that the court erred in overruling his motion for new trial which alleged that the verdict of the jury was the proximate result of a conspiracy between certain law enforcement officers and the newspaper The San Angelo Standard Times.

As to the newspaper, he proved nothing other than that they carried several news stories concerning the offense for which he was tried. The time to have raised a question of adverse newspaper publicity was before trial on a motion for change of venue. None was filed.

As to the officers, he testified about police brutality following his arrest, all of which was denied by the officers.

He further testified that Highway Patrolman Brookshire, who was a member of the jury panel at the time of his trial, talked to certain other jurors prior to the trial in an effort to get them to qualify for service and inflict a heavy penalty.

Officer Brookshire and the jurors named testified at the hearing and denied each of appellant's accusations. The trial court therefore had an issue of fact before him which he resolved against the appellant, and we find no abuse of discretion. Berry v. State, 159 Texas Cr. Rep. 492, 265 S.W. 2d 86.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

If appellant was correct in his contention that the witness Jean Fields was indicted for an offense growing out of the same transaction, he should have availed himself of benefits afforded by our severance statute (Art. 651, Vernon's C. C. P.). If not the same transaction, the witness was not incompetent to testify.

A motion merely to dismiss the accusation against the co-indictee did not contain the statutory requirements necessary to secure a severance, and was therefore insufficient. The motion, for that reason, was properly overruled.

The matter which appellant raised upon motion for new trial as to the prejudice existing against him and aroused by the newspaper publicity should have been presented by motion to change venue, inasmuch as the offense as charged in the indictment was a felony.

One of the purposes of the change-of-venue statute is to remove the case from prejudicial atmosphere, before trial. The better practice, always, is to follow the procedure provided by statute.

In our original opinion, we disposed of appellant's contention that the special prosecutor should have been denied participation in the case as a prosecuting attorney, upon the gen-

eral theory that employment of special counsel for the state in a criminal case is authorized.

Our attention is directed to the fact that, here, the special counsel for the state was not employed or paid a fee by anyone but was entirely a volunteer who volunteered his services as counsel to assist the state in the prosecution of the case because of the newspaper account of the case and the publicity given thereto and discussions thereof.

Appellant insists that such facts take this case out of the rule upon which reliance was had in our original opinion.

We have found no case where, as here, the trial court has permitted, over objection of the accused, volunteer counsel to appear and assist the state in the prosecution where the prosecuting attorneys were not only present to conduct the prosecution but entirely able and well qualified to protect every interest of the state.

We do not want to appear as approving as a fixed rule the action of the trial court, because cases and circumstances may arise where the appearance of volunteer counsel could and would operate to prejudice the rights of the accused or to lead the jury to believe that sentiment was so aroused against the accused as to cause counsel to volunteer to assist the state.

The discretion of the trial court over such matters must be given application and his action reviewed only for the purpose of ascertaining if an abuse of discretion has occurred.

This record fails to reflect that the special prosecutor conducted the trial of the case, or took an active part therein, or so controlled the same as to evidence injury to the appellant or an abuse by the trial court of his discretion in overruling appellant's motion for new trial.

Believing that a correct conclusion was reached originally, the motion for rehearing is overruled.

Opinion approved by the court.