WILLIAM LINCOLN JONES and WILFORD LEON BECKHAM
v. STATE

No. 29,258. November 13, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 15, 1958.

*Gordon O. McGehee* and *Lamar Palmer*, Houston, for appellants.

*Dan Walton*, District Attorney, *George E. Miller*, and *Thomas D. White*, Assistants District Attorney, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The two appellants were indicted and tried jointly for the offense of sodomy, and each was assessed a term of two years in the penitentiary.

Officer McGee of the Houston police department testified that, while on patrol alone during the early morning hours on the day in question, he observed an automobile parked near a school in the residential section, cut off his lights, and drove near to investigate. He stated that he observed two people in the back seat of the automobile; appellant Beckham was undressed save for his shirt, was "crowded" up in the corner on his hands and knees, with his rectum exposed; and appellant Jones, whose pants were down and whose penis was erect, was on top of Beckham. He stated that Jones moved back and forth on top of Beckham several times and he then "saw the penis of Jones being withdrawn from the rectum of Beckham" and placed them both under arrest.

Appellant Beckham, a 37-year-old musician, testified that as he and Jones were proceeding home from the Last Word night club that evening he felt an urge to relieve his bowels, asked

Jones to stop the automobile, and was in the process of doing so when the officer drove up. He stated that Jones was seated under the steering wheel and that he soon righted his clothes and got back in the automobile.

Appellant Jones, who had known Beckham all his life, gave substantially the same account of their positions upon the arrival of the officer.

The jury resolved the dispute in the evidence against the appellants, and we find the evidence sufficient to support its verdict and overrule their contention that the court erred in not granting an instructed verdict of not guilty.

We shall discuss the contentions advanced in the appellants' brief.

A motion to quash the indictment was filed alleging, among other things, that it contained surplus, general and unnecessary allegations and that it was duplicitous in that it attempted to charge the commission of two offenses. We have examined the indictment in the light of these contentions, and, while we cannot commend it as a model, we have held repeatedly that unnecessary allegations may be rejected as surplusage and that two accuseds may be jointly indicted. Germany v. State, 154 Texas Cr. Rep. 454, 227 S.W. 2d 815; Ashley v. State, 155 Texas Cr. Rep. 534, 237 S.W. 2d 311; Martinez v. State, 157 Texas Cr. Rep. 603, 252 S.W. 2d 186; and Martindale v. State, 158 Texas Cr. Rep. 198, 254 S.W. 2d 132.

Appellants next complain of a question propounded to Jones. On direct examination he had admitted that he had served a term in the Federal penitentiary for a narcotic violation. On cross-examination he was questioned about his penitentiary service and was then propounded this question, "Is that where you learned to do this sort of thing * * * ?" and the witness answered, "No sir." The cautious trial judge promptly instructed the jury not to consider the incident for any purpose but overruled the motion for mistrial. Appellants have cited no authority holding such a question reversible error, and we know of none.

The judgments are affirmed.