Clovis PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37322.

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied March 3, 1965.

Z. D. Allen, Crampton & Crampton, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Stanley M. Vickers and Thomas F. Keever, Asst. Dist. Attys., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is sodomy; the punishment, two years.

In view of our disposition of this appeal, a statement of the facts is deemed unnecessary.

Bill of Exception No. 1 reads as follows:

"BE IT REMEMBERED, that on the trial of the above styled and numbered cause, that while Z. D. Allen, one of the attorneys for the Defendant, was arguing the case to the Jury he said 'where is Alfred Bohannon, he was indicted for this same offense, the State could call him, but we * * *' and started to argue further the State's failure to call the co-indictee Alfred Bohannon, as a witness.

"One of the Attorneys representing the State, at this point objected to said argument as follows:

" 'If the Court please we object to the Defendant's Counsel arguing anything about Bohannon not being called as a witness by the State. It would be reversible error for us to call Alfred Bohannon to ___witness stand___ and force him to claim his Constitutional immunity'. Which objection was by the Court sustained and Defendant's Counsel was not permitted to argue further the States failure to call Bohannon as a witness.

"The defendant then and there in open Court excepted and moved for a mistrial, and here and now tenders this her Bill of Exceptions and asks that the same be signed and filed as a part of the Record in this case."

Appellant relies upon Offerle v. State, 136 Tex.Cr.R. 44, 123 S.W.2d 350, which is authority for the rule that an accused has the right to comment during argument upon the State's failure to call a co-indictee who was available as a witness for the State under Article 711 Vernon's Ann.C.C.P., as interpreted by our Court of Appeals in the early case of Rangel v. State, 22 Tex.App. 642, 3 S.W. 788, and consistently followed by this Court through the years.

Unless we followed the rule announced in Offerle, we would preclude an accused from arguing the failure of the State to call any witness available to them which would be in direct conflict with the long established rule permitting either side to comment upon the failure of his adversary to call available competent witnesses. This rule and the cases supporting it are found in 56 Tex.Juris. 2, Sec. 259 and 261.

The State contends that since, as they say, Washburn v. State, 164 Tex.Cr.R. 448, 299 S.W.2d 706, it has been reversible error for the State to call as a witness a co-indictee who claims his privilege against self incrimination, that the accused should not in all fairness be allowed to argue the failure of the State to call such an accomplice witness. A cursory examination of Washburn will reveal that it was really reversed because the State was permitted

to propound 21 pages of fact laden questions to the accomplice Nelson, after his counsel had advised the court that Nelson would claim his privilege, and after Nelson had declined to answer each question as it was propounded and then the State was permitted to offer evidence which corroborated and supported the facts and circumstances embraced in the questions previously propounded to Nelson. Such a holding was proper, but only to that extent does it alter the well established rule that each party may properly argue the failure of the opposition to call available and competent witnesses.

For the error of the Court in prejudicially limiting appellant's argument, the judgment is reversed and the cause remanded.

Upon further prosecution of this accused, we recommend the form of the indictment set forth in Quillin v. State, 79 Tex.Cr.R. 497, 187 S.W. 199, 5 A.L.R. 773, rather than the one before us here.

WOODLEY, Judge (dissenting).

The only evidence introduced in the trial before the jury was the testimony of a 33 year old Inspector for the Texas Liquor Control Board. His testimony shows that he was in King's Lounge, in Wichita Falls, on the afternoon of July 21, 1963, engaged in an undercover assignment, when the defendant, a female, in his presence and in the presence of others in the Lounge, did the act charged in the indictment; that is, she did "voluntarily permit one Alford E. Bohannon to use his mouth on Defendant's sexual parts for the purpose of having carnal copulation."

It is the view of the writer that the indictment is sufficient to charge the appellant as a principal with Alford E. Bohannon in the act of sodomy defined in Art. 524 Vernon's Ann.P.C.

The statute reads in part:

"[W]hoever shall use his mouth on the sexual parts of another human being for the purpose of having carnal copulation * * * shall be guilty of sodomy, and upon conviction thereof shall be deemed guilty of a felony, and shall be confined in the penitentiary not less than two (2) nor more than fifteen (15) years."

Under the law of principals, the participants agreeing to the act are equally guilty. Jones and Beckham v. State, 165 Tex.Cr.R. 472, 308 S.W.2d 48.

One who agrees to the commission of an offense and is present when it is committed is a principal, regardless of whether he aided in the illegal act. Brown v. State, 146 Tex.Cr.R. 602, 177 S.W.2d 64; Montoya v. State, 150 Tex.Cr.R. 158, 199 S.W.2d 164.

The court's charge, to which there were no exceptions, instructed the jury on the law of principals and required the jury to find that the appellant did the acts charged in the indictment in order to convict.

The jury's verdict found appellant guilty and assessed the minimum punishment upon undisputed evidence showing that Bohannon used his mouth on appellant's sexual parts and that she not only permitted him to do so but was the principal actor in the crime. This verdict is set aside upon the ground that the formal bill of exception set out in the majority opinion reflects that the trial court prejudicially limited appellant's argument.

The writer is in accord with the holding in Washburn v. State, 299 S.W.2d 706. The opinion in that case sets out Washburn's contention as follows:

"* * * that the trial court erred in permitting the state to call Andrew H. Nelson, a co-defendant, to the witness stand in the presence of the jury and require him to claim his privilege against self-incrimination and refuse to testify."

In regard to this contention, this Court said:

"The trial court committed error in permitting the state to call the witness

Nelson, a co-defendant, to the stand and require him to claim his privilege against self-incrimination and refuse to testify in the presence of the jury. Such refusal to testify was prejudicial because it could be used as an incriminating fact against the appellant."

The Court quoted with approval from 18 Tex.Jur. 238, Sec. 142, as follows:

"Unless the witness has agreed to turn state's evidence, the prosecution ought not to place him on the stand; to do so and wring from him a refusal to testify, affording to the jury an opportunity to consider the refusal as a circumstance of guilt, has been said to be 'certainly prejudicial.'"

The majority opinion departs from the rule in Washburn and, in effect, declares that the state may call a co-defendant separately indicted as a witness against one charged with acting as a principal with him in the commission of the offense and require him to testify or to claim his privilege against self-incrimination and refuse to testify. The majority give no effect to the fact that both principals are represented by the same lawyer, or to the fact that the witness has not agreed or been asked to agree to turn state's evidence, or to the fact that unlike the Offerle case, the state was bound to prove, in order to convict the defendant on trial, that the co-defendant the state is criticized for not calling as a witness was also guilty of the act of sodomy.

In Offerle v. State, relied upon by appellant, Tidwell, his co-defendant, had pleaded guilty to the theft of the calf and according to the testimony had stated to the officers that he told Offerle the calf they butchered belonged to him. Offerle's affirmative defense was that he believed Tidwell's statement. Under these circumstances it was held that it would have been proper for counsel for Offerle to direct the jury's attention to the fact that Tidwell had not testified for the state and that the state's failure to call Tidwell was indica-tive of the fact that he would adhere to his statement that he told Offerle that the calf allegedly stolen from Bridwell's ranch belonged to him (Tidwell).

Appellant's co-defendant had not pleaded guilty, and the record indicates that had he testified he would have denied that any act of sodomy occurred.

If appellant had desired to have Bohannon's testimony that no act of sodomy was committed, there was available to her the severance statutes, Arts. 651, 652 C.C.P.

She did not seek the benefit afforded by these statutes or request that Bohannon be tried first. Loshe v. State, 160 Tex.Cr.R. 561, 272 S.W.2d 517.

I respectfully dissent.

## ON STATE'S MOTION FOR REHEARING

McDONALD, Presiding Judge.

We have carefully reviewed our opinion in this cause in view of the forceful motion filed herein by the State. True, the facts in the Offerle v. State case, 123 S.W. 2d 350, are different from the case at bar. Judge Christian wrote the opinion for the Court in Offerle's case and cited with approval Bowlin v. State, 93 Tex.Cr.R. 452, 248 S.W. 396. The holding in Bowlin was: "It is always permissible for counsel for either side to comment on the failure of the opposing side to call witnesses which may throw light upon the transaction under investigation * * *". We are not in a position to speculate as to whether or not the co-indictee or co-principal, Alfred Bohannon, might have "thrown light" upon the transaction had he been called by the state as a witness. The record reflects that approximately 7 persons were present in the King's Lounge the afternoon of the alleged offense, but the state called only one witness, the Liquor Control Board Inspector. Bohannon might have denied the transaction entirely, or he might have re-

-fused to testify. We cannot anticipate what he might have done. On the other hand, had he been called and placed upon the stand and then refused to testify upon the grounds that his testimony would tend to incriminate him, then surely the State would not have pursued the matter further because of what we said in Washburn v. State, 299 S.W.2d 706. We reiterate that the holding in the Washburn case is sound, but it has no application here.

We remain convinced that this case was properly disposed of in our original opinion. Accordingly, the State's Motion for Rehearing is overruled.

## ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge (dissenting).

The majority reaffirm the holding in Washburn v. State, 299 S.W.2d 706, that it is prejudicial error to permit the state to call a co-defendant to the stand and require him to claim his privilege and refuse to testify in the presence of the jury, and approve the rule quoted with approval in Washburn v. State: "Unless the witness has agreed to turn state's evidence, the prosecution ought not to place him on the stand; to do so and wring from him a refusal to testify, affording to the jury an opportunity to consider the refusal as a circumstance of guilt, has been said to be 'certainly prejudicial.'"

Despite the fact that Bohannon was represented by one of the counsel who represented the appellant, and he had not agreed to turn state's evidence and it would have been prejudicial error for the state to have called him as a witness at appellant's trial, the majority set aside her conviction upon the ground that one of her counsel was not permitted to argue the state's failure to call Bohannon and commit the prejudicial error.

To such holding I respectfully dissent.