David **BINYON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51066.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Greg Gossett, San Angelo, for appellant.

Royal Hart, Dist. Atty., and Gerald A. Fohn, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of murder; the punishment assessed by the jury is imprisonment for 35 years.

The appellant asserts that the evidence is insufficient to support the conviction; he also contends that the trial court erroneously refused to admit in evidence a written statement made by a co-indictee and that the trial court erroneously admitted in evidence a metal bar stool.

We will first consider whether the evidence is sufficient to support the conviction. The appellant and three others were indicted for the instant offense; there was a severance and the appellant was alone on trial. The count of the indictment that was submitted to the jury in pertinent part alleged:

" . . .

"Doyle Sims, David Binyon, Johnny Henry, and Travis Scoggins on or about the 26th day of January A.D. 1975, . . . did then and there, intending to cause serious bodily injury to an individual, Norman Curnutt, commit an act clearly dangerous to human life, to-wit: did then and there cut and stab the said Norman Curnutt with a knife thereby causing the death of the said individual, . . . "

The indictment was drawn under V.T.C.A. Penal Code, Sec. 19.02(a)(2), which provides:

"(a) A person commits an offense if he:

"(1) . . .

"(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual;"

There is little or no evidence to show that the appellant stabbed Norman Curnutt with a knife. Although not entirely clear, it appears that Doyle Sims stabbed Norman Curnutt in a barroom brawl. Curnutt died as a result of a single knife wound. Therefore, the appellant's guilt depends upon his criminal responsibility for the conduct of Doyle Sims or one of the other co-indictees.

V.T.C.A. Penal Code, Sec. 7.01 provides:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense.

"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

V.T.C.A. Penal Code, Sec. 7.02(a)(2) provides:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

"(1) . . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; . . ."

■ We now state the law as it is applicable to the facts of this case. The jury was authorized to find the appellant guilty of murder if, from the evidence, it could find, beyond a reasonable doubt, that the appellant acted with the intent to promote or assist, by encouraging, directing, aiding or attempting to aid Doyle Sims, or one of the other defendants, in causing serious bodily injury to Norman Curnutt, and that Doyle Sims, or one of the other co-indictees, did, in pursuance of the common intent, cut and stab Norman Curnutt, Jr. with a knife, and that that act was clearly dangerous to

human life and caused the death of Norman Curnutt, Jr. Cf. *Everett v. State*, 153 Tex. Cr.R. 79, 216 S.W.2d 281 (1949); *Thompson v. State*, 514 S.W.2d 275 (Tex.Cr.App.1974).

■ The evidence shows that between 5:00 and 5:30 p. m. on Sunday, January 26, 1975, a group composed of the appellant, Doyle Sims (co-indictee), Travis Scoggins (co-indictee), Johnny Henry (co-indictee), Vicky Bird, Sondra Richards, Ruth Ann Janca, Sheryl Blackwell and seven others arrived at the Foxy Lady Lounge; at approximately 8:00 p. m. Norman Curnutt, Jr. (the deceased) and a friend, Hollis Haddock, arrived at the Foxy Lady Lounge; Norman Curnutt, Sr., the father of the deceased, was already at the Foxy Lady when his son arrived.

While Curnutt, Jr. and Sr., sat at the bar, Haddock played pool with Johnny Henry and others in appellant's party; when a dispute arose between Haddock and Henry the appellant intervened, striking Haddock a single blow. No other blows were struck in this initial confrontation and Haddock returned to the bar to sit with the Curnutts.

Approximately one-half hour later appellant and his party decided to go dancing at a club known as the "I'magine." As the group was leaving, Johnny Henry approached Curnutt, Jr., and asked him if he was going to hit him (Henry) with the pool cue he was holding; Curnutt, Jr., said "no." The appellant stepped in between the two, pulled Henry away and said, "Come on; let's go"; then the appellant suddenly turned around and hit Curnutt, Jr. in the mouth with his fist, knocking him off his bar stool and starting a "barroom brawl." Appellant kicked Curnutt, Jr., then turned to face Curnutt, Sr., who had stood up and moved toward appellant. Appellant then hit Curnutt, Sr., over the head with a bar stool, knocking him toward the door of the tavern, away from the spot his son had fallen. The appellant continued to fight with Curnutt, Sr., until the brawl ended. During the fracas Curnutt, Jr., sustained a single knife wound in the left side of his

chest which resulted in his death.[1] No witness testified as to seeing the stabbing; the appellant was not seen near Curnutt, Jr., after he initially struck him in the face and kicked him.

Appellant's party departed the Foxy Lady Lounge in several cars. After Travis Scoggins' pickup truck turned over and the appellant's car stalled, Scoggins, the appellant, Ruth Ann Janca, Vicky Bird, Doyle Sims, and Sondra Richards all ended up riding to the "I'magine" in the car Sheryl Blackwell was driving. Sims, Janca and Scoggins were in the back seat while Blackwell, Bird, appellant and Richards were in the front seat. When the incident at the Foxy Lady was discussed, Doyle Sims said: "I hurt that one bad" or "I hurt that one"; Travis Scoggins responded, "Well, you did what?" Sims then displayed a bloody Buck knife. After the group arrived at the "I'magine" Henry told Sims to go wash the blood off his knife and hands; Sims went behind the bar and washed his hands and knife. The record contains sufficient evidence from which the jury could have found that another of the co-indictees, intending to cause serious bodily injury, committed an act clearly dangerous to human life (stabbing the deceased) that caused the death of the deceased. The evidence also shows that the appellant struck and kicked the deceased, and then fought with the father of the deceased while others in his party continued to fight with the deceased. The appellant's conduct in fighting with the father of the deceased could well have been found by the jury to have the effect of preventing the father from going to the aid of his son, which effect, in turn, could have been found to aid the person who stabbed the deceased.

The remaining question therefore is whether it was the intent of the appellant to have his conduct promote or assist one of the co-indictees in causing serious bodily injury. The intent of an accused is rarely shown by direct and positive evidence; its existence is rather an inference of fact to be ascertained and found by the trier of fact from the circumstances shown by the evidence in the case. The evidence showed the following:

(1) Appellant acted as an aggressor on more than one occasion; first, without provocation, he struck Hollis Haddock during a dispute between Haddock and Johnny Henry; second, after feigning the peacemaker's role, he struck the deceased, initiating the brawl;

(2) Appellant struck the deceased, knocking him from his bar stool, and then kicked him; it was shown that the deceased sustained, in addition to the fatal knife wound, a concussion and four or five broken ribs;

(3) Appellant hit the father of the deceased over the head with a bar stool; Dr. Grant testified that a raised bar stool, brought down on someone's head, would be likely to cause serious bodily injury.

From the circumstances shown the jury could have inferred that the appellant intended by his conduct to promote or assist one of the co-indictees in causing serious bodily injury, and that his conduct had the intended effect; the jury could have further found that Doyle Sims or one of the other co-indictees did, in pursuance of the common intent, cut and stab Norman Curnutt, Jr., with a knife, and that that act was clearly dangerous to human life and caused the death of Norman Curnutt, Jr. While the question was no doubt a close one, the jury, properly instructed on the law of circumstantial evidence, resolved it against the appellant.[2]

---

1. The testimony of Dr. Robert N. Grant showed that Curnutt, Jr., also sustained a concussion and four or five broken ribs.

2. We note there was no request for an instruction and none was given on the theory that a person other than appellant inflicted the fatal wound, not pursuant to the common intent, but rather by virtue of an independent impulse.

See *Brown v. State*, 146 Tex.Cr.R. 602, 177 S.W.2d 64 (1944); *Nothaf v. State*, 91 Tex.Cr.R. 619, 240 S.W. 936 (1922); *Wilson v. State*, 70 Tex.Cr.R. 3, 155 S.W. 242 (1913); *Mitchell v. State*, 36 Tex.Cr.R. 278, 36 S.W. 456 (1896); *McDonald v. State*, 22 S.W.2d 670 (Tex.Cr.App. 1929); *Cline v. State*, 77 Tex.Cr.R. 281, 178 S.W. 520 (1915).

We hold the evidence sufficient to support the jury's verdict. This ground of error is overruled.

■ Appellant next asserts that the trial court erred in refusing to admit in evidence a written statement of co-indictee Travis Scoggins. The statement was given by Scoggins to Deputy Sheriff Loil Ballantine three days after the offense was committed; it stated that during the brawl at the Foxy Lady Lounge the appellant was fighting with Norman Curnutt, Sr.; it further stated that on the way to the "I'magine" Doyle Sims said, "I hurt that one bad," to which Scoggins replied, "You did what?" and that Sims then pulled out a big knife with blood on its long single blade. The State objected to the statement and the trial court sustained the objection and refused to admit the statement in evidence.

First, the State's objection that the statement was hearsay was well taken. The only exception to the hearsay rule that the appellant suggested the statement was admissible under was as a declaration against interest; the statement was not a declaration against the penal or pecuniary interest of its maker, Travis Scoggins, and therefore did not constitute a declaration against interest. We hold that the statement was properly excluded. We also note, and the appellant so concedes, that the same facts set out in the statement were already in evidence from other witnesses. Further, the appellant introduced a portion of Scoggins' testimony from Doyle Sims' examining trial (relating to the same offense for which appellant was convicted), in which Scoggins testified to the same facts set out in the statement.

■ Appellant's reliance upon *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) is misplaced. The appellant's position would not have been improved even had he been able to conclusively establish that Doyle Sims inflicted the fatal wound; appellant's conviction rests upon his criminal responsibility for the conduct of another; the statement, if admitted would merely have helped establish whose conduct appellant was criminally responsible for; therefore, even if the statement was admissible, no harm is shown.

This ground of error is overruled.

The appellant next contends the trial court erred in admitting into evidence a metal bar stool marked State's Exhibit No. 19. He cites no authority, but argues that the stool was inadmissible because there was no testimony connecting it to the appellant.

The father of the deceased testified that he was hit with both a wooden and a metal bar stool; there was testimony that the appellant struck the deceased's father with more than one stool. Deputy Sheriff Ballantine testified that there was only one metal bar stool at the Foxy Lady Lounge, that it had been found after the altercation in the area where the appellant had been seen fighting with the father of the deceased, and that State's Exhibit No. 19 was the same metal stool he had found at the Foxy Lady Lounge. On the other hand, there was no showing that State's Exhibit No. 19 was the same bar stool the appellant had used to strike Curnutt, Sr.

■ As a general rule an object offered in evidence should not be rejected solely because it is not positively identified as the exact object that was connected with the crime. *Hicks v. State*, 508 S.W.2d 400 (Tex.Cr.App.1974); *Pryor v. State*, 449 S.W.2d 482 (Tex.Cr.App.1969); *Cole v. State*, 450 S.W.2d 661 (Tex.Cr.App.1970), and the cases there cited; 23 Tex.Jur.2d Sec. 389, p. 581. The lack of positive identification affects the weight of the object as evidence, rather than its admissibility. *Cole v. State*, supra. If, however, we assume that the bar stool was not admissible, we would hold that the materiality of the evidence was not such as would constitute reversible error. *Johnson v. State*, 170 Tex. Cr.R. 349, 341 S.W.2d 170 (1960); *Hatfield v. State*, 161 Tex.Cr.R. 362, 276 S.W.2d 829 (1955).

This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.