Jackie Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 308–83.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

William Marquis, Marion J. Craig, III, Hereford, for appellant.

Roland Saul, Dist. Atty., Hereford, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This is an appeal from a conviction as a party for burglary of a habitation under

V.T.C.A., Penal Code, § 30.02. After a verdict of guilty, the court assessed punishment at life imprisonment in light of the allegation and proof of two prior felony convictions. See V.T.C.A., Penal Code, § 12.42(d), prior to the 1983 amendment.

The appellant was charged individually by indictment as a party to the offense by acting together with "Rebecca Jane Taylor and Pete DeLaRosa ...." The trial court charged the jury in accordance with these allegations, but in a separate paragraph also authorized conviction if the jury found appellant acted as party with Taylor or DeLaRosa "or with both." On appeal the appellant contended, inter alia, the trial court erred, in charging the jury, over objection, at variance with the allegations of the indictment. The Amarillo Court of Appeals reversed the conviction, holding the trial court erred in authorizing conviction on a theory other than alleged in the indictment citing *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979); *Williams v. State*, (Tex.App.—Amarillo—1983 [No. 07–81–0125CR]). We granted the State's petition for discretionary review to examine that decision.

The pertinent part of the indictment alleged the appellant

"acting together with Rebecca Jane Taylor and Pete DeLaRosa a/k/a Angel Pecero, on or about the 24th day of June, A.D., 1980, and anterior to the presentment of this indictment, in the County and State aforesaid, did then and there knowingly and intentionally enter a habitation without the effective consent of Travis McGaughey, the owner, and therein attempted to commit and committed theft ...."

Ruth McGaughey testified she left her residence in a rural area south of Wildorado about 1:30 p.m. on June 24, 1980. Upon her return about 10:30 p.m., she discovered her home had been broken into and a number of items were missing, including a television set, stereo, clothing, towels, jewelry. A clock in the living room, in working order when she left, was unplugged from the electrical plug and reflected 6:10 on its

face. Mrs. McGaughey called her husband and the Sheriff's office.

Travis McGaughey testified he did not give appellant or anyone else consent or permission to break and enter his home or residence.

Appellant's uncle, Jack Ward, testified for the State that on an afternoon late in June, 1980, he had seen appellant and Becky Taylor on a farm he managed east of Hereford. Another person was in the "Chevy" vehicle in which they arrived. The location was within reasonable proximity to the McGaughey home. Ward observed the appellant was wearing a straw cowboy hat. He recalled appellant asked for a drink of water, but was told the irrigation water there was not fit for human consumption.

Mrs. Carroll Moore, who lived five miles north of the McGaugheys, testified that about 6:30 p.m. on June 24, 1980, a man in a cowboy or western hat came to her door and asked for a drink of water. She told him to use the hose in the front yard. Shortly thereafter, the doorbell rang again and a woman Mrs. Moore identified as Rebecca Taylor requested to use the bathroom. After using the bathroom, Taylor asked Mrs. Moore where the Wards lived. Mrs. Moore didn't know and told Taylor to inquire at one of the grain elevators. Mrs. Moore related she couldn't identify the appellant as the man who came to her door. She recalled the car was a dark colored car and there was someone else in the car but she couldn't tell who it was.

Jill Moore, Mrs. Moore's 14-year-old daughter, testified the man who came to the Moore home on the day in question was the appellant. He was with a woman who used the bathroom. She did not recall seeing anyone else in the car.

About 10:50 p.m. an Amarillo police officer who was called to investigate a suspicious vehicle found a dark colored Chevrolet parked on the wrong side of the street in front of a residence where it did not belong. The appellant, Taylor and Pete DeLaRosa were passed out in the car with

various drug paraphernalia in the interior of the car. The appellant was in the driver's seat. A western straw hat was on the back seat. The three were arrested, and in an inventory search of the car, many of the items taken in the McGaughey burglary were found in the trunk. The Chevrolet was shown to be appellant's.

In paragraph V the court authorized the jury to convict if they found beyond a reasonable doubt that appellant committed the alleged burglary "acting together with Rebecca Jane Taylor *and* Pete DeLaRosa a/k/a Angel Pecero."

This jury instruction was in accordance with the allegations of the one-count indictment. In paragraphs VI and VII the court charged on the law of circumstantial evidence and the law of parties. Then in paragraph VIII the court then instructed the jury:

"Now, if you find from the evidence beyond a reasonable doubt that the defendant, Jackie Ray Williams, either acting with Rebecca Jane Taylor or with Pete DeLaRosa a/k/a Angel Pecero, or with both, as a party to the offense, as that term is hereinbefore defined, did knowingly and intentionally, in Deaf Smith County, Texas, on or about the 24th of June A.D., 1980, enter a habitation without the effective consent of Travis McGaughey, the owner, and therein attempted to commit and committed theft, then you will find the defendant guilty of burglary of a habitation."

Appellant objected to Paragraph VIII in "that it's in variance with the indictment. "The indictment charges that they acted in concert; they did not allege in the indictment that they either acted together or individually in this crime, they chose to indict as a group activity if you have it and therefore the court's charge should track the indictment of the offense alleged not the offense which could have been alleged, but the actual offense that was alleged in the indictment and as such that this paragraph is in variance and should be modified in order to state that Jackie Ray Williams acting with Rebecca Jane Taylor and with Pete DeLaRosa, a/k/a Angel Pecero, committed the offense as is set forth in the indictment.

"Further we would further object to paragraph Roman Numeral Eight on the grounds that it creates a variance within the charge itself and that this paragraph, Roman Numeral Eight, is in conflict with paragraph Roman Numeral Five of the charge.

"In paragraph Roman Numeral Five the court charges that they all three acted together and in this one that the jury may find the Defendant guilty if they find that he acted with either one or both of the other named individuals and the confusion which exists within the charge could lead to an erroneous verdict and we object to that and we would urge that paragraph Roman Numeral Eight be changed to conform with paragraph Roman Numeral Five."

The objections were overruled.

On appeal appellant in ground of error No. 2 urged the trial court erred in its charge in including, over objection, paragraphs at variance with the indictment authorizing conviction on a theory not alleged.

Appellant cited only *Jackson v. State*, 578 S.W.2d 748 (Tex.Cr.App.1979), for the proposition the court's charge should track the indictment.

The Court of Appeals reversed because the charge authorized conviction on a theory different than that charged in the indictment, citing *Cumbie v. State*, supra.

■ Although an accused is charged by indictment or information and held to answer for doing a criminal act himself, if the evidence supports a charge on the law of parties, the court may charge on the law of parties and apply the law to the facts even if there is no such allegation in the indictment. *Galvan v. State*, 598 S.W.2d 624 (Tex.Cr.App.1979); *English v. State*, 592 S.W.2d 949 (Tex.Cr.App.1980), cert.den., 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980); *Le Duc v. State*, 593 S.W.2d 678 (Tex.Cr.App.1979); *Pitts v. State*, 569

S.W.2d 898 (Tex.Cr.App.1978). See also *Blanco v. State,* 641 S.W.2d 532 (Tex.Cr. App.1982); *Seals v. State,* 634 S.W.2d 899 (Tex.App.—San Antonio—1982).

■ A charge on the law of parties (nee principals) is not required, however, when accused is charged as having committed the criminal offense himself, although the evidence showed another or others took an equal part with him. See *Thompson v. State,* 506 S.W.2d 900 (Tex.Cr.App.1974); *Black v. State,* 505 S.W.2d 821 (Tex.Cr. App.1974); *Perez v. State,* 141 Tex.Cr.R. 575, 150 S.W.2d 402 (1941). See also *Bowers v. State,* 570 S.W.2d 929 (Tex.Cr.App. 1978). Cf., however, the fact situation in *Jaycon v. State,* 651 S.W.2d 803 (Tex.Cr. App.1983).

While these cases are instructive, in the instant case the indictment charged the appellant as a party acting together with Taylor *and* DeLaRosa. This is exactly how the court submitted the case to the jury in paragraph V. Then in a somewhat unusual move the court in paragraph VIII of the charge authorized the jurors to convict the appellant if they found appellant acted together with Taylor *or* DeLaRosa "or with both." The "or with both" portion of paragraph VIII was consistent with paragraph V and the conjunctive allegations of the indictment. It is the disjunctive portion of paragraph VIII of which appellant complains.

In a number of cases where the indictment charged in the conjunctive and the charge was submitted in the disjunctive no reversible error has been found under the circumstances presented. *Hammett v. State,* 578 S.W.2d 699, 713 (Tex.Cr.App. 1979), and cases there cited; *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr.App.1978). See also *Ely v. State,* 582 S.W.2d 416 (Tex. Cr.App.1979); *Archie v. State,* 615 S.W.2d 762 (Tex.Cr.App.1981).[1]

We need not decide whether these cases are applicable here. In the instant case the State's theory is that appellant was guilty as a party. The indictment charged he acted with Taylor *and* DeLaRosa and this is the way the case was submitted to the jury in paragraph V, and the court concluded that paragraph with "but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty.'" The verdict returned by the jury at the guilt stage of the trial read:

"We, the Jury, find the Defendant, Jackie Ray Williams, Guilty *as charged in the indictment.*" (Emphasis supplied.)

Paragraph VIII of the charge was not totally inconsistent with paragraph V and the allegations in the indictment, although it in part authorized appellant's conviction as a party if he acted with Taylor *or* DeLaRosa. An examination of the jury argument does not reflect that the prosecutor ever urged conviction under paragraph VIII. Appellant's counsel expressly informed the jury the appellant could only be convicted under paragraph V if the State proved every element of the offense beyond a reasonable doubt.

■ While the charge was clearly no model, given the circumstances, we cannot conclude that the error, if any, was calculated to injure the rights of the appellant, or that he was deprived of a fair and impartial trial. Article 36.19, V.A.C.C.P.

In *Hannon v. State,* 475 S.W.2d 800 (Tex.Cr.App.1972), the defendant was charged with burglary. The evidence was insufficient to justify a charge on principals (now parties). The court, however, authorized the jurors to convict if they found the defendant acted alone or as a principal. This court finds the error, if any, harmless and not calculated to injure the defendant's rights.

We conclude the Court of Appeals was in error in reversing this cause. The judg-

---

1. Under Articles 1183 and 1389, the rape and burglary cases of the former Penal Code, the indictment could allege the commission of the offense by force, threats or fraud and proof of any one of the methods would suffice to sustain the conviction. *Lucero v. State,* 502 S.W.2d 750 (Tex.Cr.App.1973).

ment of the Court of Appeals is reversed and the cause is remanded to that court.

ODOM, CLINTON, TEAGUE and MIL-LER, JJ., dissent.