Santiago Delgado **MEDRANO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 59572.

Court of Criminal Appeals of Texas, Panel No. Two.

March 11, 1981.

---

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., & Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal is taken from a conviction for the offense of theft of property valued at more than $200 and less than $10,000. Appellant was tried before a jury, which also assessed punishment at fifteen years imprisonment.

The record reflects that appellant was represented by counsel throughout the State's presentation of the case. After the State closed, appellant dismissed his court appointed attorney and sought to represent himself, with the assistance of a fellow jail inmate. The evidence adduced by the State showed that appellant and another individual, Armando Davila, walked into a Dillard's department store on April 2, 1977. Appellant carried a large trash can into the store, into which the two men dropped racks of clothes. Appellant and Mr. Davila then left by separate doors and were immediately apprehended.

In his brief appellant asserts six grounds of error. By his last ground of error, he complains that the trial court committed fundamental error in the charge submitted to the jury. We agree. Thus it will not be necessary to reach either the other grounds asserted or the two grounds of error contained in appellant's pro se brief.

■ The charge as submitted by the trial judge, and without objection, contained two theories of conviction. The first portion authorized appellant's conviction as an actor in the commission of a theft. The second theory authorized appellant's conviction as a party to the offense under V.T.C.A. Penal Code, § 7.02(a)(3) as follows:

"Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another person, if, *having a legal duty to prevent commission of the offense*, and acting with intent to promote or assist its commission *he fails to make a reasonable effort to prevent*[1] commission of the offense.

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Santiago Delgado Medrano, and that acting with intent to promote or assist the commission of the offense charged, as defined above, *he failed to make such an effort as an ordinary person would make under similar circumstances to prevent* Armando Davila from committing the offense ..."

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

The abstract portion of the charge properly included the element "having a legal duty to prevent commission of the offense," but it was omitted when the trial court applied the law to the facts.[2] Clearly, without a legal duty arising to prevent the commission of an offense, there is no criminal conduct. Therefore this error comes squarely under the rule articulated in *Cumbie v. State*, 578 S.W.2d 732, 735 (Tex.Cr. App.1979):

"A fourth kind of fundamental error is committed when the charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense. See *Jackson v. State*, 576 S.W.2d 88 (Tex.Cr.App.1979) (authorizing an aggravated robbery conviction for recklessly threatening and placing in fear, which is not an offense under Texas Penal Code, Section 29.02(a)(2), and which was not alleged in the indictment). It will be noted that this kind of fundamental error differs from the other three, in that the *charge is defective not only because it enlarges on the indictment but also because it authorizes conviction for non-criminal conduct. See Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976). *Presumably such a charge would be fundamentally erroneous even if the same theory were alleged in the indictment.*"

As this Court wrote in *Dowden*, supra, at 6:

"In the instant case none of these requirements of due process of law were met because the trial court authorized the jury to find appellant guilty upon a set of circumstances that could not constitute the offense charged."

The charge in the instant case authorizes a conviction without requiring the jury to find either: (1) that appellant *had* a legal duty which would require him to act affirmatively to prevent the theft, or (2) that appellant by his *inaction in failing to prevent* the theft, *committed any act* coupled with the requisite intent to promote or assist in the commission of an offense. Therefore it authorizes the jury to convict a bystander for what he may have thought or intended. This is fundamental error. *Cumbie*, supra.

 Finally we question the applicability of § 7.02(a)(3), supra, to the facts presented here. We point to the Practice Commentary which states:

"[Section 7.02(a)(3)] makes one a party who aids the commission of the offense by inaction. Thus a *night watchman or policeman* can be a party to an offense by *purposely neglecting his duty*, if he does so with intent to assist the perpetuating party."[3]

In order for this provision to be used to charge the jury appropriately under the facts of a case, the defendant must have had a legal duty to prevent the commission of an offense, must have neglected that legal duty, and must have done so with the intent to promote, or to assist in promoting, the commission of an offense. Thus, even had the charge contained the necessary element of "having a legal duty" in the portion applying the facts to the law, the charge would have remained erroneous under the facts before us.

For the foregoing reasons, appellant's sixth ground of error is sustained. The judgment of the trial court is reversed and the cause is remanded.

---

**2.** We are cognizant of this Court's decision in *Romo v. State*, 568 S.W.2d 298, 302 (Tex.Cr. App.1978) holding that, in the absence of an objection, it is not fundamental error when the trial court fails to apply the law of the parties to the facts. This does not address the problem in this case however, where the trial judge does apply the law to the facts, albeit incorrectly.

**3.** There is no evidence to indicate that appellant and complainant stood in a relationship that created any such legal duty flowing between them, or that appellant was under a legal duty flowing from other sources.