Dennis **RASBERRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–87–240 CR.

Court of Appeals of Texas, Beaumont.

Sept. 14, 1988.

Michael A. McDougal, Conroe, for appellant.

Marc A. Chomel, Asst. County Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was charged by indictment with the misdemeanor offense of assault for intentionally and knowingly causing bodily injury to Francis William Sperry by slashing his fingers with a knife. A jury found appellant guilty and the trial court assessed punishment at 90 days confinement in the county jail and a fine of $1,200.00 and probated the sentence for a period of one year.

■ By his first point of error appellant urges that the evidence was insufficient to support the jury's verdict for the offense of assault as charged in the indictment. When determining whether the evidence is sufficient to support a conviction this Court must view the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). If any rational trier of fact could have found the essential elements of the offense to have been proved beyond a reasonable doubt, we must uphold the jury's verdict. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Crim.App.1984).

The indictment by which appellant was charged in this case reads, in pertinent part, as follows:

"[Appellant] ... did then and there intentionally and knowingly cause bodily injury to Francis William Sperry by slashing his fingers with a knife...."

The evidence introduced at appellant's trial reveals that appellant, Jerry Matthews and Bobby Tyner were drinking beer together at the Idle Time Bar from about 1:00 or 1:30 P.M. to about 5:00 P.M. on the afternoon of October 22, 1986. Appellant and Matthews were off-duty peace officers employed by the Montgomery County Sheriff's office at the time. Tyner was not a peace officer. Appellant, Matthews and Tyner left the Idle Time Bar together in a county-owned automobile about 5:00 P.M. The three men entered the Whistle Stop, another bar or "beer joint" shortly thereafter.

As the three men entered the Whistle Stop, appellant said in a loud voice, "Who is the biggest, baddest motherf–ker in here?" A woman at a table stated that she was, and appellant told her she was not the one they were looking for. Bill Sperry, the complainant, was standing at the bar talking to a friend when appellant and his companions entered the bar. When appellant again asked who was the biggest, baddest one in the place, Sperry muttered words to the effect that he was the tallest. Appellant approached Sperry and put his leg behind Sperry and pushed him down to the floor. At trial, appellant testified that he heard Sperry's response to his remark. He also stated that Sperry "dropped his hand down" and stood up as appellant walked past. Appellant testified that he pushed Sperry down because he interpreted Sperry's movements as threatening.

As Sperry attempted to get up from the floor, Bobby Tyner kneeled near Sperry's head and put a knife to Sperry's throat and told him not to move. Tyner held the knife to Sperry's throat for approximately one minute while appellant stood within two feet of Sperry and stared directly at his face. Sperry reached up his hand to either unhook the blade from some gold chains

around his neck, or to determine what kind of object was being held near his throat. Tyner then cut the gold chains with the knife, and in the process also cut three of Sperry's fingers. Jerry Matthews then grabbed appellant and said: "Let's get out of here." At that time appellant, Tyner and Matthews left the bar. Sperry suffered pain as a result of the cutting of his fingers, which bled enough to leave drops of blood on the floor of the bar. Later that evening, appellant told his supervisor that he had "fucked up big time."

The trial court instructed the jury on the law of parties, particularly under *TEX.PE-NAL CODE ANN. Sec. 7.02(a)(3)* as follows:

"A person is criminally responsible for an offense committed by the conduct of another, if, having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense. Mere presence alone will not make a person a party to an offense."

The trial court also instructed the jury as follows:

"The law further provides that, whenever, in the presence of a peace officer, or within his view, one person is about to commit an offense of which he is aware against the person or property of another, it is his duty to prevent it."

In applying the law to the facts of the case, the trial court charged the jury as follows:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of October, 1986, in Montgomery County, Texas, Bobby Tyner did intentionally or knowingly cause bodily injury to Francis William Sperry by cutting his fingers with a knife and that the defendant, Dennis Rasberry, did then and there have a legal duty to prevent Bobby Tyner from committing the offense of assault hereinabove described and acted with intent to promote or assist its commission, and failed to make a reasonable effort to prevent commission of the said offense, if any, then you will find the Defendant, Dennis Rasberry,

guilty of the offense of assault causing bodily injury.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

Appellant argues that the evidence was insufficient to show that he could have prevented Tyner from assaulting Sperry with the knife, or that he had the opportunity to do so. Appellant also argues that the evidence was insufficient to show that his alleged failure to make a reasonable effort to prevent the assault with the knife was done with the intent to promote or assist in the commission of such offense.

It appears that this is a case of first impression. Although other courts have often considered the sufficiency of the evidence to prove a defendant's criminal responsibility for the conduct of another under *TEX.PENAL CODE ANN. Sec. 7.02(a)(2)*, we have found no case in which such question has been addressed as to *Sec. 7.02(a)(3)*. However, the Court of Criminal Appeals, in *Medrano v. State*, 612 S.W.2d 576 (Tex.Crim.App.1981), at page 578, has made the following statement concerning the requirements of *Sec. 7.02(a)(3)*:

"[This section] makes one a party who aids the commission of the offense by inaction. Thus a *night watchman or policeman* can be a party to an offense by *purposely neglecting his duty*, if he does so with intent to assist the perpetuating party."

(Emphasis theirs)

Although cases addressing the sufficiency of the evidence under *Sec. 7.02(a)(1) and (2)* are helpful in analyzing the issue of appellant's intent, we note that under *Sec. 7.02(a)(1) and (2)* an affirmative act on the part of the accused is required, while *Sec. 7.02(a)(3)* is concerned with the situations in which a person may be criminally responsible for the conduct of another by failing to act.

Upon a careful review of the record, we find that the evidence was sufficient to show, beyond a reasonable doubt, that appellant intended to assist or promote the commission of the assault on Sperry. The

jury might have reasonably found, from direct and circumstantial evidence, that appellant was looking for a fight from his statement made as he entered the bar. Appellant then pushed Sperry to the floor and there was sufficient evidence for the jury to find that this act was committed without provocation upon Sperry's part. Therefore, appellant acted, not only as an aggressor, but as the initial instigator of the whole incident. Secondly, the jury could have reasonably inferred that appellant intended to cause bodily injury to Sperry by pushing him to the floor, since such act was obviously likely to cause pain to Sperry. Since the jury could reasonably infer both of these facts, there was sufficient evidence that appellant intended to promote or assist in an assault causing bodily injury to Mr. Sperry when he hit the floor, regardless of there being no proof that he knew that Tyner had a knife. *See Binyon v. State,* 545 S.W.2d 448 (Tex.Crim.App.1976).

In *Binyon, supra,* the defendant started a "bar room brawl" by striking the eventual murder victim. Defendant then proceeded to strike the victim's father over the head with a bar stool. One of Binyon's co-defendants stabbed the victim with a knife. Since the defendant had commenced the fight and then proceeded to commit an act which was likely to cause serious bodily injury, the court held that the jury could infer that the defendant intended his conduct to assist or promote one of his co-defendants in causing serious bodily injury. Similarly, appellant was shown to have intended to do bodily injury to Sperry. Therefore, we hold that it is not controlling whether he knew that his companion had a knife when he pushed Sperry to the floor. *Binyon v. State, supra.*

The evidence, though disputed, showed that appellant stood over Sperry and stared directly at his face for approximately one minute while Tyner held a knife to Sperry's throat. Appellant knew about the knife

then since Tyner had it on Sperry's throat. Appellant, at this point, said nothing to Tyner encouraging Tyner to quit using or exhibiting the knife or at least to remove the knife away from Sperry's throat. During this time, according to all the State's witnesses, appellant did nothing and said nothing until Tyner cut the chains around Sperry's neck and his victim's fingers at one stroke. We find this evidence sufficient to prove that appellant failed to make a reasonable effort, or any effort at all, to prevent the commission of the offense. This is especially so because one Matthews, another peace officer, said "let's get out of here" and such words were effective in getting both appellant and Tyner to leave. Appellant's first point of error is overruled.

■ By his second and third points of error appellant complains that the trial court erred in instructing the jury on the law of criminal responsibility as set out in *TEX.PENAL CODE ANN. Sec. 7.02(a)(3)*[1] and in instructing the jury as to the legal duties of a peace officer, because such instruction authorized conviction upon a theory not alleged in the indictment. Appellant argues that where an indictment fails to allege facts necessary to find that the accused had a legal duty to prevent commission of the offense, the trial court's charge should not authorize conviction based upon *TEX.PENAL CODE ANN. Sec. 7.02(a)(3).*

It is well settled that a court may charge the jury on the law of parties and apply such law to the facts even where the indictment does not allege facts constituting an accused a party to the offense under *Sec. 7.02(a)(2)* of the Penal Code. *Williams v. State,* 676 S.W.2d 399, 401 (Tex.Crim.App. 1984). Texas Penal Code *Sec. 7.01(c)* reads, in part, as follows:

"... each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

---

1. *TEX.PENAL CODE ANN. Sec. 7.02(a)(3)* (Vernon 1974) reads as follows:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

....

"(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense."

Appellant argues that where the status of an individual is a part of the proof necessary for conviction, then such status must be alleged in the charging instrument. *See Ouillin v. State,* 79 Tex.Crim. 497, 187 S.W. 199 (1916). This case involved the law of principals pursuant to the 1911 Penal Code. The law of parties has been drastically changed since 1916, the date of *Ouillin.* The facts of *Ouillin* are different and are not controlling or persuasive.

If a charge authorizing a conviction upon the basis of *Sec. 7.02(a)(3)* where the indictment does not allege facts constituting the defendant a party to the offense is objectionable as authorizing conviction upon a theory not alleged in the indictment, it appears that the same argument would equally apply to the application of the law of criminal responsibility as set out in *Sec. 7.02(a)(2).* Such arguments have been made and rejected by the Court of Criminal Appeals as to *Sec. 7.02(a)(2).* *Williams, supra.* Since we find no ground based on principle to distinguish the application of *Sec. 7.02(a)(3)* from that of *Sec. 7.02(a)(2),* we hold that the trial court did not err in charging the jury on the basis of *Sec. 7.02(a)(3)* or in instructing the jury as to the legal duties of a peace officer. Appellant's second and third points of error are overruled and the judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. I dissent to urge our highest criminal court to once again consider the question of notice to defendants in view of the statutes imposing criminal responsibility for another. In all of the currently reported cases, a defendant has been a party based upon affirmative acts. In the instant case, appellant was made a party by omission. To compound matters, that unplead omission was only culpable if appellant was of a certain status and that status was also unplead.

I believe the current case law which allows charging the jury on the law of parties without pleadings is a serious erosion of the traditional notions of notice and due process. In this case, appellant, simply because of his status, was required to guess in which manner the state was going to prove the allegations of assault. It is one thing to charge the jury in the traditional manner of parties, *i.e.,* one who participates in an affray is certainly put on notice he will be liable for the acts of co-participants. Here, however, appellant was placed before the jury, not as an active participant in the affray, but because he was in a specialized status and refused to act. Our highest court should not expand "no notice required" to this manner of vicarious criminal responsibility. Because the majority of this court does so, I respectfully dissent.